IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SCOTT A. SEREBOFF | § | Case No. 21-41671 |
| | § | |
| Debtor | § | Chapter 7 |
| | | |
| JOHN W. KAMPFHENKEL | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Adversary No. 22-04016 |
| | § | |
| SCOTT A. SEREBOFF | § | |
| | § | |
| Defendant | § | |

## MEMORANDUM OF DECISION

On this date the Court considered "Motion for Partial Summary Judgment and Supporting Brief as to Plaintiff's Objection to Discharge of Debt under Bankruptcy Code Section 523(a)(6)" (the "Motion") filed by the Defendant, Scott A. Sereboff (the "Defendant" or "Debtor"), on August 11, 2023, and the respective objection, reply, and other related filings. Defendant seeks partial summary judgment denying Plaintiff, John W. Kamphenkel's (the "Plaintiff"), cause of action against him under 11 U.S.C. § 523(a)(6). After consideration of the pleadings, proper summary judgement evidence, and the relevant legal authorities, the Court concludes that genuine issues of material fact remain. For the reasons explained in this memorandum, Defendant's Motion is DENIED.

## I. Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and 157(a). This Court has authority to enter final orders in this adversary proceeding because it statutorily constitutes a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(A) and (J), and meets all constitutional standards for the proper exercise of full judicial power by this Court.

## II. Facts, Procedure, and Issues Precluded from Re-Litigation

Defendant filed a petition seeking relief under Chapter 7 of the Bankruptcy Code on November 23, 2021.[1] Plaintiff filed this adversary proceeding on February 10, 2022. Defendant filed a motion to dismiss Plaintiff's complaint on March 28, 2022.[2] Plaintiff then filed an amended complaint and a response to Defendant's motion to dismiss on April 11, 2022.[3] Plaintiff's amended complaint seeks to except from discharge certain alleged debt under 11 U.S.C. § 523(a)(2)(A) and § 523(a)(6).[4] Defendant amended the motion to dismiss, and the Court denied Defendant's amended motion on August 16, 2022.[5] Defendant answered Plaintiff's amended complaint on August 30, 2022.[6]

---

[1] Mot., 4, ECF No. 23.

[2] ECF No. 6.

[3] ECF Nos. 7, and 9.

[4] ECF No. 7.

[5] ECF Nos. 10, and 12.

[6] ECF No. 14.

Defendant filed his Motion seeking partial summary judgment on August 11, 2023. Plaintiff filed his "Response to Defendant's Motion for Partial Summary Judgment and Brief in Support" (the "Response") on September 11, 2023.[7] Defendant filed his "Reply to Plaintiff's Response to Defendant's Motion for Partial Summary Judgment and Brief in Support" (the "Reply") on September 25, 2023.[8]

Despite denial of the Motion, the following facts are relevant to the issues before the Court, and have been established in this proceeding under the guidelines of Local District Court Rule CV-56, as incorporated by Local Rule of Bankruptcy Procedure 7056(d).[9] These facts will not be re-litigated at the trial for this adversary proceeding.[10]

    1.    Plaintiff and Debtor each owned 50% of the membership interests in

---

[7] ECF No. 25.

[8] ECF No. 26.

[9] Local District Court Rule CV-56 directs a movant to include a Statement of Undisputed Material Facts and to support such a statement with "appropriate citations to proper summary judgment evidence." It directs a respondent to ensure that any response "should be supported by appropriate citations to proper summary judgment evidence." With regard to the disposition of the motion, the rule states:

> (c) **Ruling**. In resolving the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the response filed in opposition to the motion, as supported by proper summary judgment evidence. The court will not scour the record in an attempt to unearth an undesignated genuine issue of material fact.

Thus, any failure by a respondent to controvert the material facts set forth in any of the motions or to support such a challenge by references to proper summary judgment evidence, results in the facts as claimed and supported by admissible evidence by the movant "admitted to exist without controversy." E.D. TEX. LOCAL R. CV–56(c).

[10] The Court commends both parties' counsel and appreciates their pleadings' proper use of the mechanism outlined in Local District Court Rule CV-56.

        ACKData Holdings, LLC, a Texas limited liability company formed on October 16, 2018 ("ACKData").

2. Plaintiff and Debtor each contributed $100,000 to ACKData as their respective capital contribution to the company.

3. Plaintiff and Debtor executed a Company Agreement of ADKData Holdings, LLC dated May 2019 ("Company Agreement") governing the management and operations of the company and the interests of its members, subject to applicable law.

4. Plaintiff and Debtor were the two "managers" of ADKData at all relevant times.

5. ADKData obtained a line of credit through a Small Business Administration loan ("Veritex Loan") provided through Veritex Community Bank ("Veritex").

6. Plaintiff and Debtor each guaranteed the Veritex Loan.

7. ACKData defaulted on the Veritex Loan and Veritex subsequently obtained an Interlocutory Summary Judgment exceeding $150,000.00 in the 134th Judicial District Court of Dallas County, Texas, against Plaintiff and Debtor, jointly and severally.

8. Debtor voluntarily filed a petition seeking relief under Chapter 7 of the Bankruptcy Code on November 23, 2021.

9. Plaintiff filed his original complaint commencing this Adversary Proceeding on February 10, 2022.

10. Debtor filed a motion to dismiss the Plaintiff's original complaint on March 28, 2022 (the "Initial Dismissal Motion").

11. In response to the Initial Dismissal Motion, on April 11, 2022, Plaintiff filed his (a) Amended Complaint, and (b) Response to Defendant Scott A. Sereboff's Motion to Dismiss.

12. The Court entered its Order Denying Defendant's Amended Motion to Dismiss on August 16, 2022.

13. Defendant thereafter timely filed his Defendant's Answer to Plaintiff's First Amended Complaint Objecting to Discharge of Debt on August 30, 2022.

14. The Amended Complaint asserts objections to discharge of Plaintiff's claims under Sections 523(a)(2)(A) and 523(a)(6) of the Bankruptcy Code [Amended Complaint, Section III] and, in Paragraph 14, requests a determination of Debtor's liability for debt to Plaintiff.

15. The Court entered a Scheduling Order establishing August 11, 2023, as the deadline for filing dispositive motions.

Because the Motion is denied, the Court does not find it necessary at this time to reach the evidence objections raised by Defendant.

### III. Summary Judgement Standard

A court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)).[11] Thus, if summary judgment is appropriate, the Court may resolve the case as a matter of law.

The moving party always bears the initial responsibility of informing the Court of the basis for its motion and producing evidence which it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. The manner

---

[11] Fed. R. Bankr. P. 7056 incorporates Fed. R. Civ. P. 56 so as to apply to adversary proceedings.

in which the necessary summary judgment showing can be made depends on which party will bear the burden of proof at trial. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1077 n.16 (5th Cir. 1994). If the nonmovant "bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the nonmovant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial."[12] *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). Thus, the nonmovant must evince more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the nonmoving party were to present these factual disputes at trial, they must be such that a rational fact finder might find in favor of the nonmoving party. *Id.* at 587. "All reasonable inferences must be viewed in the light most favorable" to the nonmoving party, and "any doubt must be resolved in favor of the nonmoving party." *In re Louisiana Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017) (citing *Matsushita*, 475 U.S. at 586).

---

[12] "[T]he burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325. It is insufficient, however, "to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence to prove its case." *In re Hydro-Action, Inc.*, 341 B.R. 186, 193 (Bankr. E.D. Tex. 2006). "If the moving party fails to meet this burden, the motion must be denied, regardless of the nonmovant's response." *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).

## IV. Discussion

Debts arising "from willful and malicious injury by the debtor to another entity or the property of another entity" are nondischargeable in bankruptcy. 11 U.S.C. § 523(a)(6). For an injury to be "willful," it must be "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Kawaauhu v. Geiger*, 523 U.S. 57, 61-62 (1998). Thus, reckless or negligent conduct by a debtor leading to an injury is insufficient. *Id*. at 64. Injuries covered by this exception are not limited to physical damage or destruction. Harm to personal or property rights are also covered. 11 U.S.C. § 523(a)(6); *see Cowin v. Countrywide Home Loans, Inc. (Matter of Cowin)*, 864 F.3d 344, 349 (5th Cir. 2017).

The 11 U.S.C. § 523(a)(6) exception for willful and malicious injury by a debtor requires either: (1) objective substantial certainty of injury; or (2) subjective motive to cause harm. *See Miller v. J.D. Abrams Inc. (Matter of Miller)*, 156 F.3d 598, 606 (5th Cir. 1998). The objective standard is met when a court finds that a debtor intentionally took action(s) that necessarily caused, or were substantially certain to cause the injury. *Rainey v. Davenport (In re Davenport)*, 353 B.R. 150, 202 (Bankr. S.D. Tex. 2006). Under the subjective test, a court must find that the debtor intended the actual injury that resulted. *Id*. The objective standard recognizes "the evidentiary reality that defendants rarely admit malicious intent." *Yu v. Lau (In re Lau)*, No. 11-40284, 2013 WL 2476359, at *7 (Bankr. E.D. Tex. May 28, 2013); *Mann Bracken, LLP v. Powers (In re Powers)*,

421 B.R. 326, 334-35 (Bankr. W.D. Tex. 2009), citing *In re Vollbracht*, 276 F. App'x. 360 (5th Cir. 2007). Thus, a court must analyze from a reasonable person's perspective "whether the defendant's actions were substantially certain to cause harm, [and] are such that the court ought to infer that the debtor's subjective intent was to inflict a willful and malicious injury on the plaintiff." *Boyle v. Berkenbile (In re Berkenbile)*, No. 12-41969, 2014 WL 797743, at *9 (Bankr. E.D. Tex. Feb. 27, 2014) (citing *Mann Bracken, LLP v. Powers (In re Powers)*, 421 B.R. 326, 334-35 (Bankr. W.D. Tex. 2009)) (citing *Berry v. Vollbracht (In re Vollbracht)*, 276 Fed. App'x. 360, 361-62 (5th Cir. 2007)).

Defendant argues that Plaintiff's alleged debt cannot be found nondischargeable under 11 U.S.C. § 523(a)(6) "because the undisputed facts establish that Debtor did not possess a specific intent to injure Plaintiff."[13] Defendant's basis for this assertion is that "Plaintiff's claims against Debtor appear to be contractual" and are "not based on a physical injury to Plaintiff or to Plaintiff's property."[14] This is important because under Fifth Circuit precedent, Plaintiff is required to show a "knowing breach of a clear contractual obligation that is certain to cause injury" for a contractual breach to form the basis of a cause of action under 11 U.S.C. § 523(a)(6).[15] *See Williams v Electrical Workers IBEW Local 520*, 337 F.3d 504, 511 (5th Cir. 2003).

---

[13] Def. Reply, 4, ECF No. 26.

[14] Mot., 7, ECF No. 23.

[15] *Id.*

Defendant reads *Williams* to mean that a contractual breach cannot support a cause of action under 11 U.S.C. § 523(a)(6).[16] However, this Court has previously recognized that under *Williams*, a contractual debt may be excepted from discharge if the requisite knowledge and intent is proven. Specifically, this Court has written:

> The Fifth Circuit has acknowledged that a breach of contract may involve an intentional or substantially certain injury. *See Williams v. Int'l Brotherhood of Elec. Workers Local 520 (In re Williams)*, 337 F.3d 504, 510 (5th Cir. 2003) (citing *Walker*, 142 F.3d at 823; *Miller*, 156 F.3d at 606). In *Walker*, the debtor committed the tort of conversion by keeping professional fees instead of remitting them to his employer, the University of Texas, in violation of his employment contract. The Fifth Circuit maintained the distinction between an injury under §523(a)(6) and an intentional tort in *Walker*, concluding that the debtor's conversion of professional fees did not inflict a willful and malicious injury. However, "*Walker* suggest[ed] that a knowing breach of a clear contractual obligation that is certain to cause injury may prevent discharge under §523(a)(6), regardless of the existence of separate tortious conduct." *In re Williams*, 337 F.3d at 510. In its subsequent opinion in *Williams*, the Fifth Circuit expressly held that §523(a)(6) "excepts contractual debts from discharge when those debts result from an intentional or substantially certain injury." In order to determine whether this has occurred, a court must look at the knowledge and intent of the debtor at the time of the breach.

*Moraine v. Nazarko (In re Nazarko)*, Nos. 05-40372, 05-4270, 2008 Bankr. LEXIS 262, at *18-19 (Bankr. E.D. Tex. 2008). Thus, a contractual breach may form the basis of a cause of action under 11 U.S.C. § 523(a)(6).

Defendant also argues he should be granted partial summary judgment because

---

[16] Defendant states: "Even assuming, arguendo, that Debtor made and breached the promise and agreement alleged by Plaintiff (which Debtor denies), the existence of such breach is not enough to except any debt arising from such breach from discharge under Section 523(a)(6) since breach of contract is not generally a 'willful and malicious' injury even if the breach, like many contractual breaches, is intentional." Mot. 7-8, ECF No. 23.

"[n]one of the three alleged misdeeds by Debtor – the payment of salary, expense reimbursements, or receipt of a portion of the Veritex Loan proceeds – constitute a willful and malicious injury excepted from discharge under Section 523(a)(6) under the statute itself or authorities applying that statute within the Fifth Circuit."[17] Specifically, Defendant asserts that transfers of funds were for payment of Defendant's salary or reimbursement of business expenses paid with Defendant's personal credit cards, and that ACKData failed to generate sufficient revenues or profits to maintain its business and subsequently discontinued operations.[18] Defendant also alleges that withdrawals did not require Plaintiff's approval, were not prohibited by the Company Agreement, and were sufficiently justified so as to render them not willful and malicious.[19] Plaintiff contests these allegations.

Under these concepts, Defendant has failed to make a sufficient showing to entitle him to partial summary judgment. A genuine issue of material fact exists as to whether Defendant's actions were substantially certain to cause harm, as well as to the intent of the Defendant, and so the Motion must be denied.

---

[17] Mot., 8, ECF No. 23.

[18] Def. Dec., ECF No. 23-1 at 4-5 ¶¶ 14, 15, 16, 20, 21.

[19] Pl. Resp., ECF No. 25 at 8; Def. Dec., ECF No. 23-1 at 5 ¶ 19; Def. PMSJ, ECF No. 23 at 8.

## V. Conclusion

Based upon the Court's consideration of the pleadings, the summary judgment evidence submitted therewith, the relevant legal authorities, and for the reasons set forth herein, the Court concludes that the Defendant's Motion is hereby DENIED. Defendant failed to demonstrate that he is entitled to a judgment as a matter of law regarding the issue of the Plaintiff's objection to dischargeability raised under 11 U.S.C. § 523(a)(6).

However, numerous facts have been established through the summary judgment evidence tendered to the Court. Because the Court has not granted the relief sought by the Defendant's Motion, it is appropriate to state the material facts that are not genuinely in dispute pursuant to FED. R. CIV. P. 56(g). These established facts as set forth in this Memorandum shall not be re-litigated at the trial for this adversary proceeding. An appropriate order consistent with this opinion shall be entered by the Court.

Signed on 04/22/2024

_____
THE HONORABLE JOSHUA P. SEARCY
UNITED STATES BANKRUPTCY JUDGE